Ismael RODRIGUEZ, Plaintiff-Appellant,

v.

AMERICAN EXPORT LINES, INC., Defendant-Appellee.

No. 339, Docket 27316.

United States Court of Appeals Second Circuit.

Argued April 26, 1962.

Decided June 19, 1962.

Benjamin H. Siff, New York City (Harry Ruderman, New York City, on the brief), for plaintiff-appellant.

M. E. De Orchis, New York City (Haight, Gardner, Poor & Havens, New York City, on the brief), for defendant-appellee.

Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Rodriguez, a seaman in the employ of defendant on the SS Explorer as a wiper, severely cut his hand on a zinc electrolysis plate when he slipped on the wet, curved bottom of a condenser which he was engaged in cleaning by blowing its tubes with a compressed air hose while the ship was in harbor at Aden. In an action for damages for personal injury under the Jones Act, 46 U.S.C.A. § 688, the jury returned a verdict for defendant, which the Court, Archie O. Dawson, Judge, refused to set aside. From judgment for defendant on the verdict, plaintiff appeals, assigning as error the exclusion of a portion of a safety report and refusal of a requested charge on the duty of defendant to acquaint itself with danger and warn plaintiff thereof. We find no error in either respect and affirm the judgment.

Appellant offered a report of a safety meeting some two weeks after the accident at which a number of incidents were discussed. The paragraph relating to Rodriguez' accident was as follows:

"I. RODRIGUEZ, Wiper, cut the fingers of his right hand, causing the man to be off duty from the evening of November 26th until present date, and more than likely he will not go back to work again this voyage. There is no doubt that this accident was due to the small working area, slippery footing, rusted plates, etc. but still it might have been avoided if more care were taken and less attempt made to rush this type of job. It was pointed out by the Engineering Department that the Company does stress safety very much, and it is a big factor, but when it comes to getting jobs done so they will not cause a delay in the ship's movements, that factor seems to be of superseding importance."

 The paragraph was admitted in evidence except for the last sentence, which was excluded. In the absence of an indication as to whose comment this was, and its application to the accident in question, its exclusion must be held harmless. The general remark by some member of the engineering department, not adopted by any expert board as in Pekelis v. T. W. A., 187 F.2d 122, 23 A.L.R.2d 1349 (2 Cir. 1951), cert. denied 351 U.S. 951, 71 S.Ct. 1020, 95 L.Ed. 1374, nor acted on by the employer, was not admissible. It was not an admission by defendant or an agent of defendant. Moreover, Rodriguez made no claim in his testimony that there was any pressure by the ship to speed the job or that speed was a factor in his slipping.

Rodriguez was experienced for some years in this work. The record shows that he knew the wet condition that existed inside the condenser when the water had been drained out preparatory to blowing the tubes. He knew that rubber soled shoes, which he was wearing, were more likely than leather to slip on wet metal. Any failure of defendant to warn him of the conditions of which he was admittedly aware would not be causally related to his injury. The requested charge, although correct in the abstract,

was not required under the evidence here. The owner's absolute duty to provide a reasonably safe place to work and to provide a seaworthy ship were covered in the charge and no exception taken. There is no error. Judgment affirmed.